IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES P. SHERARD,<br><br>               Petitioner,<br><br>      v.<br><br>STATE OF UTAH,<br><br>               Respondent. | **ORDER<br>AND MEMORANDUM DECISION<br>DISMISSING SECTION 2254<br>HABEAS PETITION**<br><br><br>Case No. 2:13-CV-00298-TC<br><br>District Judge Tena Campbell |

THIS MATTER IS BEFORE THE COURT on a petition for writ of habeas corpus filed under 28 U.S.C.S § 2254 (2015). The Court has carefully considered the petition, the response, the reply, and all relevant rules and statutory provisions. Now being fully advised, it is the judgment of the Court that Petitioner's habeas claims are time-barred under the one-year limitations period set forth in 28 U.S.C.S. § 2244(d)(1) (2015).

**Procedural History**

On January 23, 1987, Petitioner James Sherard was charged with one count of criminal homicide, a capital offense; one count of aggravated burglary, a first-degree felony; one count of aggravated sexual assault, a first-degree felony; and one count of theft, a second-degree felony. Petitioner pleaded guilty as charged in exchange for the

State's agreement not to pursue the death penalty.  Petitioner did not file any motion to withdraw his plea.

On October 30, 1987, Petitioner was sentenced to life for homicide; five to life for aggravated burglary; a mandatory term of fifteen years to life for aggravated sexual assault; and one-to-fifteen years for theft.   These sentences were ordered to run consecutively.  *Id*.  Petitioner did not appeal and did not file any state post-conviction petition.

On September 13, 2007, Petitioner filed a motion to correct an illegal sentence, under Rule 22(e) of the Utah Rules of Criminal Procedure.  The motion was denied on November 15, 2007.

On April 29, 2013, Petitioner filed his current federal petition for writ of habeas corpus.

## Petitioner's Claims

1. **Ineffective assistance of counsel**.  Petitioner alleged:  "My court appointed counsel failed to apprise me of any alternative other than to plead guilty or find myself another lawyer because he was not going to defend me any further. Because of counsels refusel [sic] to defend me any further I plead [sic] guilty out of fear for my life."

2.   **Illegal sentence.**   Petitioner alleged that his sentence was illegal due to his counsel's ineffectiveness, stating, "Due to my court appointed counsels [sic] ineffectiveness to defend me I plead [sic] guilty and was sentenced to four consecutive sentences for crimes arising out of a single episode."

### Discussion

### PETITIONER'S CLAIMS ARE TIME-BARRED.

**A.     Petitioner did not raise his claims within the one-year limitations period.**

All Petitioner's claims are time-barred because they were raised after the one-year period of limitation expired.  Federal statutory law provides that a one-year period of limitation applies "to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C.S. § 2244(d)(1) (2015).  This applies to all petitions filed after the effective date of the statute.  *Lindh v. Murphy*, 521 U.S. 320, 327 (1997).  The limitation period was enacted in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and generally begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.S. § 2244(d)(1)(A) (2015).

However, Petitioner's case became final before the AEDPA went into effect. State prisoners whose convictions became final before April 24, 1996, when the AEDPA went into effect, had until April 23, 1997, to file a federal habeas petition.  *United States*

*v. Simmonds*, 111 F.3d 737, 744-46 (10th Cir. 1997); *see* 28 U.S.C.S. § 2244(d)(1) (2015).  Petitioner did not file his federal petition for writ of habeas corpus until April 29, 2013.  His petition is sixteen years late.

Petitioner was sentenced on October 30, 1987.  Under state rules of appellate procedure, a "notice of appeal . . . shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from."  Utah R. App. P. 4(a).  Petitioner did not file an appeal.

The one-year limitation period may be tolled by time spent pursuing state post-conviction relief.  The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C.S. § 2244(d)(2) (2015).

In 2007, Petitioner filed a motion to correct illegal sentence, which the state court denied on November 15, 2007.  Petitioner had thirty days to appeal that decision, but did not.  Utah R. App. P. 4(a).  The motion to correct illegal sentence qualified as pursuing state post-conviction relief. *See Deal v. McKune*, 244 F. App'x 185, 186-87 (10th Cir. 2007) (holding motion for illegal sentence in Kansas tolled limitations period).  Petitioner had until April 23, 1997, to file a federal habeas petition or file a motion for post-conviction relief that would toll the statute of limitations, but the motion to correct

illegal sentence was not filed until 2007.  The time for filing a timely federal habeas petition had run out before he filed his motion to correct an illegal sentence.

Tolling does not revive the federal limitations period--i.e., restart the clock at zero; it can serve only to pause a clock that has not already run.  *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001); *see also Laws v. LaMarque*, 351 F.3d 919, 922 (9th Cir. 2003); *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999).  Any time between when Petitioner's conviction became final and when he filed a collateral state action must be counted toward the limitation period.  Moreover, any time between when the state action concluded and before his federal petition was filed must also be counted towards the federal limitation period.

State collateral review tolls only the one-year period; it does not delay its start. *Lee v. Utah*, No. 2:12-cv-727, 2013 U.S. Dist. Lexis 139544, at *5-6 (D. Utah Sept. 26, 2013); *see Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001); *Green v. White*, 223 F.3d 1001, 1002-03 (9th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 327-28 (4th Cir. 2000).  Time that has elapsed after finality (but before filing the state collateral action) and any time after the appeal period ends upon final state disposition (but before federal filing) both count against the year.  *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) ("The state court's grant of leave to appeal out of time cannot erase the time period during which nothing was pending before a state court," and "the limitations period is

tolled during the period in which the petitioner *could have* sought an appeal under state law.") (emphasis in original); *Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."); *see also Smith v. McGinnis*, 208 F.3d 13, 16-17 (2d Cir. 2000); *Haney v. Addison*, 175 F.3d 1217, 1220-21 (10th Cir. 1999).

The motion to correct illegal sentence was denied on November 15, 2007. Petitioner had until December 30, 2007, to file an appeal, but did not. Petitioner did not file his federal habeas petition until more than five years later, on April 29, 2013. Even if the motion to correct illegal sentence could have restarted the time period for filing a federal petition, this federal petition is still untimely because it was not filed within one year of denial of the motion to correct illegal sentence and the expiration of the appeal period.

**B.     Petitioner has not established any exceptional circumstances that would entitle him to equitable tolling of the 1-year limitations period.**

Because all the claims raised in the habeas petition are time-barred, they must be dismissed unless Petitioner can show he is entitled to proceed with an untimely petition. The one-year limitation period has generally been considered a procedural bar and not a jurisdictional bar.  This means that it can, in the appropriate "exceptional circumstances," be equitably tolled.  *See Gibson*, 232 F.3d at 808 (quoting *Davis v. Johnson*, 158 F.3d

806, 811 (5th Cir. 1998) (stating one-year limitation period will be equitably tolled only "in rare and exceptional circumstances")); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  To qualify for equitable tolling, the Petitioner must "diligently pursue[] his claims and demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control."  *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).  Other circumstances that would qualify the Petitioner are if the Petitioner is actually innocent or "actively pursue[d] judicial remedies but file[d] a defective pleading during the statutory period.  *Gibson*, 232 F.3d at 808.

The Petitioner has the burden to establish that the one-year time limit should not be applied and that he is entitled to equitable tolling.  *See Credit Suisse Sec. (USA) LLC v. Simmonds*, 132 S. Ct. 1414, 1420 (2012); *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002); *United States v. Saro*, 252 F.3d 449, 454, 454 n.7 (D.C. Cir. 2001); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000); *United State v. Marolf*, 173 F.3d 1213, 1218 n.3 (9th Cir. 1999).  Petitioner has not alleged actual innocence. Petitioner did not file any pleading--defective or otherwise--during the statutory pleading period. The remaining circumstance that would qualify the Petitioner is if he diligently pursued judicial remedies and the failure to file was "caused by extraordinary circumstances beyond his control."  *Marsh*, 223 F.3d at 1220.

The fact that a trial transcript is unavailable is not an automatic ground for

equitable tolling.  *See Heinemann v. Murphy*, 401 F. App'x 304, 309-10 (10th Cir. 2010). To qualify for equitable tolling, the lack of a transcript must prevent the Petitioner from filing within the one-year limitation and the Petitioner must diligently pursue his rights during that time.  *See id.* at 309-10, 312.  The Petitioner did not allege that the lack of a transcript or that an extraordinary circumstance prevented him from filing a habeas corpus petition before April 23, 1997.  The Petitioner failed to diligently pursue his rights because he did not file any post-conviction relief before the limitation period expired on April 23, 1997. Therefore, Petitioner fails to qualify for equitable tolling because he did not diligently pursue his rights.

Further, the fact that Petitioner is acting *pro se* and may lack legal knowledge and expertise is insufficient grounds for equitably tolling the limitation period.  *See Marsh*, 223 F.3d at 1220.  In most circumstances, equitable tolling is appropriate only when external forces--rather than a petitioner's lack of diligence--account for the failure to timely file a federal petition.  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Simple neglect is not sufficient.  *Gibson*, 232 F.3d at 808.

Petitioner has failed to establish that he diligently pursued his federal habeas claims or that some extraordinary circumstance prevented him from timely filing. Accordingly, the petition is denied and dismissed with prejudice because it is time-barred

and no statutory or equitable exceptions apply to extend or excuse the limitations period.

## ORDER

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus is **DENIED** as untimely filed.

This case is **CLOSED**.

DATED:  October 14, 2015.

BY THE COURT

JUDGE TENA CAMPBELL
United States District Court